UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PRESTIGE FLORIDA PROPERTY
INVESTMENT, LLC,

    Plaintiff,

v.

Case No.: 6:26-cv-00392-GAP-RMN

GOLIATH VENTURES, INC., Florida Corporation; GOLIATH VENTURES, INC., Wyoming Corporation; CHRISTOPHER DELGADO, Individual; JONATHAN MASON, Individual; ERIC CLAYMAN, Individual; AND BLACKBLOCK MANAGEMENT SOLUTIONS, LLC, Florida Limited Liability Company;

    Defendants,

_____/

## ORDER

This matter comes before the Court on Plaintiff Prestige Florida Property Investment, LLC's ("Plaintiff's") (*Ex Parte*) Verified Emergency Motion for Immediate Appointment of Receiver.[1] Doc. 10. Upon consideration of Plaintiff's Motion, it is due to be denied without prejudice as premature.

As Plaintiff recognizes, Defendant Christopher Delgado ("Delgado") was

---

[1] Plaintiff certified in his Motion that the CM/ECF system would send a notice of electronic filing to all parties on file but no appearance has been docketed for any Defendants so the Court considers the Motion to be filed *ex parte*. *See* Doc. 10 at 23.

arrested only one week ago on a complaint charging him with money laundering and wire fraud associated with the alleged operation of a Ponzi scheme—Plaintiff's Complaint arises from a factually identical background. Doc. 10, ¶ 8; *see* Doc. 1. Notwithstanding Plaintiff's fears that Delgado and his co-conspirators will move funds beyond the Court's jurisdiction, further investigation reveals that Delgado is presently prohibited by Court order from communicating with Goliath employees, has surrendered his passport, has an ankle monitor, is prohibited from making unauthorized financial transactions, and has agreed to cooperate with the repatriation of considerable assets from overseas locations, including Dubai. *See* Doc. 10, ¶ 15; *United States v. Delgado*, No. 6:26-mj-1240-LHP-1, Doc. 13 at 1-5, Doc. 17 (Feb. 24, 2026). Moreover, (and, again, as Plaintiff acknowledges) the Government has filed an extensive list of Delgado's assets—located here and abroad—which he has already agreed to turn over to the custody of the Government. *See id.* at Doc. 22.

Simply put, it would be inappropriate for the Court to step in to appoint a receiver in this matter where it is clear that the Government (acting as a de-facto receiver) has taken precedence in attempting to marshal the assets of the Defendants for their victims and creditors, like Plaintiff. *See id.*

As noted, significant safeguards have already been put in place to protect whatever assets Delgado and the other Defendants maintain control over, and,

- 2 -

among other factors, the availability of less "extraordinary equitable remed[ies]" (such as petitioning for restitution in the criminal case) counsel against this drastic approach.[2] *See U.S. v. Bradley*, 644 F.3d 1213, 1310 (11th Cir. 2011); *Santibanez v. Wier McMahon & Co.*, 105 F.3d 234, 241-42 (5th Cir. 1997). "[E]quity intervenes only when there is no remedy at law or the remedy is inadequate." *Bradley*, 644 F.3d at 1310. Indeed, it would undoubtedly cause more harm than good for this Court to step in and appoint a receiver at the nascence of these still-emerging criminal and civil fraud cases.[3] *See Santibanez*, 105 F.3d at 241-42.

It may become appropriate at a later stage in this case, but, for now, Plaintiff's Motion is premature.

Accordingly, it is **ORDERED** that Plaintiff's (*Ex Parte*) Verified Emergency Motion for Immediate Appointment of Receiver is hereby **DENIED without prejudice.**

---

[2] The cases Plaintiff cites where motions to appoint a receiver were granted are inapposite, either occurring after the conclusion of criminal proceedings against a defendant(s) or completely outside of the criminal context. *See* Doc. 10 at 8-11. None support the notion that this Court should take the lead while a criminal case covering identical substantive issues has only just been initiated. *See, e.g., U.S. v. Bartle*, 159 Fed.Appx. 723, 725 (7th Cir. 2005) ("In this case, the district court policed Bartle's shenanigans over several years, listened to his excuses, and ultimately determined that Bartle was untrustworthy and intentionally avoiding the government's collection of its judgment."); *Sterling v. Stewart*, 158 F.3d 1199, 1201 (11th Cir. 1998) (adjudicating derivative claims related to the appointment of a receiver to "long dormant" and "insolvent" corporations).

[3] Additionally, a state court has also already granted a motion to appoint a receiver for at least one of the Goliath entities. *See* Doc. 10 at 6-7. Appointing another receiver, while the Government is also working in the background to wind down these companies and freeze their assets would create unnecessary chaos.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 5, 2026.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party