UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PRESTIGE FLORIDA PROPERTY
INVESTMENT LLC,

    Plaintiff,

v.

Case No.: 6:26-cv-00392-GAP-RMN

GOLIATH VENTURES, INC., a Florida
corporation; GOLIATH VENTURES, INC.,
a Wyoming corporation, CHRISTOPHER
DELGADO, an individual; JONATHAN
MASON, an individual; ERIC CLAYMAN,
an individual; and BLACKBLOCK
MANAGEMENT SOLUTIONS, LLC a/k/a
BLACKBLOCK MANAGEMENT SERVICES,
a Florida limited liability company,
Defendants.
_____/

## MOTION TO INTERVENE
## AND INCORPORATED MEMORANDUM OF LAW

Michael S. Budwick, in his capacity as the duly appointed Receiver for Goliath Ventures, Inc. ("***Receiver***" or "***Proposed Intervener***"), by and through undersigned counsel, files this Motion to Intervene ("***Motion***") pursuant to F.R.C.P. 24. In support, the Receiver states as follows.

1. The Receiver respectfully requests an Order permitting the Receiver to intervene in the above-captioned action ("***Action***") to be heard on the Verified Emergency Motion for Immediate Appointment of Receiver and Memorandum of Law [Dkt. No. 10] ("***Prestige Motion***") filed on March 4, 2026.

2. In the Prestige Motion, the plaintiff-movant seeks to have a receiver appointed over defendant Goliath Ventures, Inc. and Christopher Delgado, individually. Mr. Delgado is a criminal defendant in *U.S.A. v. Delgado*, Case No. 26-01240 (M.D. Fla.).

3. Noteworthy, in the Prestige Motion, ¶ 17, the plaintiff-movant generally identifies and references the Receivership Order (defined below).

4. Indeed, on March 3, 2026, the Amended Order on Plaintiff's Emergency Verified *Ex Parte* Motion to Appoint a Receiver was entered by the Honorable Michael A. Robinson, Circuit Court Judge, in the case styled *Mehal Patel v. Goliath Ventures Inc.*, Case No. CACE-26-003310, pending in the Seventeenth Judicial Circuit in and for Broward County, Florida, a copy of which is attached as **Exhibit A** (the "***Receivership Order***").

5. Also on March 3, 2026, the Receiver executed and filed his Notice of Acceptance and Oath of Receiver, a copy of which is attached as **Exhibit B**.

6. The Receivership Order states that "[u]pon acceptance, the Receiver is ordered to take immediate possession, custody, and control of the Receivership Entity [Goliath Ventures, Inc.] and all of its property, assets, and records, wherever located ("Receivership Property")." *See* Receivership Order, ¶ 25.

7. The Receivership Order, ¶ 25 continues, stating, for example:

> General Powers. To exercise all normal and customary powers of a receiver under Florida law and equity to protect and preserve the Receivership Property, including taking any action required to prevent fraud, self-dealing, waste, concealment, or dissipation. *See Granada Lakes*, 125 So. 3d at 758-60; *McAllister Hotel*, 40 So. 2d at 203.

Receivership Order, ¶ 25(a).

## MEMORANDUM OF LAW

8. F.R.C.P. 24(a)(2) provides for intervention as of right where the proposed intervenor "claims an interest relating to the property or transaction that is the subject of the action …".

9. Thereunder, a proposed intervenor must show: (1) a timely application; (2) that an

2

interest exists relating to the property or transaction subject of the action; (3) that disposition of the action, as a practical matter, may impede or impair the ability to protect that interest; and (4) the existing litigants inadequately represent the interests.[1] If these four requirements are met, intervention must be permitted. *Id.* (citation omitted).

10. Here, each of the four requirements are satisfied.

11. <u>First</u>, this application is timely. The Receiver was appointed on March 3, 2026, and the Prestige Motion was filed yesterday, March 4, 2026.

12. <u>Second</u>, given (among other things) the Receiver's powers and duties as set forth in the Receivership Order, ¶ 25, and the plaintiff-movant's requested relief of a receiver in the Prestige Motion, the Receiver has an interest in the property addressed in and relief sought by the Prestige Motion.

13. <u>Third</u>, disposition of the Prestige Motion will, as a practical matter, impede or impair the Receiver's efforts. Indeed, the Receiver has already taken steps to comply with his duties, including but not limited to communicating with investors, gathering information and documents, and seeking to collect (or ensure the safekeeping of) assets. A second receiver would institute complications in an already complicated situation.

14. <u>Fourth</u>, there can be no question that the existing litigants inadequately represent the interests at play, given that the plaintiff-movant seeks relief in the Prestige Motion already encompassed by the Receivership Order. Moreover, the plaintiff-movant all but admits this fact, given that it identifies the Receivership Order in the Prestige Motion.

15. As to Mr. Delgado individually, while the Prestige Motion recites the need for

---

[1] *Newman for Founding Partners Cap. Mgmt. Co. v. Sun Cap., Inc.,* 2009 WL 10673073, *2 (M.D. Fla. Dec. 11, 2009), R&R adopted sub nom. 2010 WL 326069 (M.D. Fla. Jan. 21, 2010) (citations and quotations omitted).

emergency relief due to the potential imminent risk of dissipation of assets, the United States of America has stated that it has already taken steps to secure possession of and begin the process of liquidating Mr. Delgado's personal property and it is unclear how the relief sought will impact law enforcement's efforts and accomplishments in this regard. *See U.S.A. v. Delgado*, Case No. 6:26-mj-1240-LHP (M.D. Fla) [Dkt. 22].

16. Respectfully, the Receiver has satisfied the requirements of F.R.C.P. 24(a)(2).

## **CONCLUSION**

17. The Receiver was appointed by the Receivership Order entered by the Florida state court, and the Receiver has formally accepted his duties.

18. The plaintiff-movant in the Prestige Motion is aware of that fact, having identified the receivership in the Prestige Motion, ¶ 17.

19. The Receiver respectfully requests that intervention is proper for the limited purpose of addressing the Prestige Motion.

20. Generally, and among other things, the Receiver submits that there is no benefit to having two receivers over the same property and interests and in fact this will cause needless confusion to the detriment of creditors and victims.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

WHEREFORE, the Receiver respectfully requests that this Court grant this Motion and the relief requested.

## **CERTIFICATION**

I certify that I and the Receiver conferred by telephone with plaintiff-movant's counsel on March 5, 2026, who said that he objects to the relief requested in this Motion.

 s/ Solomon B. Genet
Solomon B. Genet, Esquire
Florida Bar No. 617911
sgenet@melandbudwick.com
MELAND BUDWICK, P.A.
3200 Southeast Financial Center
200 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 358-6363
Telecopy: (305) 358-1221

*Attorneys for Michael S. Budwick, Receiver*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on March 5, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all parties on the Court's Service List.

 s/ Solomon B. Genet
Solomon B. Genet, Esquire