UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PRESTIGE FLORIDA PROPERTY
INVESTMENT, LLC,

Plaintiff,                                          **Case No: 6:26-cv-00392-GAP-RMN**

v.

GOLIATH VENTURES, INC.
GOLIATH VENTURES, INC.,
CHRISTOPHER DELGADO,
JONATHAN MASON,
ERIC CLAYMAN, and
BLACKBLOCK MANAGEMENT
SOLUTIONS, LLC,

Defendants.

_____

## Joint Case Management Report

Plaintiff, Prestige Florida Property Investment, LLC ("Prestige"), Jonathan Mason ("Mason"), Eric Clayman ("Clayman"), and Blackblock Management Solutions, LLC ("Blackblock"), by and through their undersigned counsel hereby file this Joint Case Management Report and in compliance with Rule 3.02, Local Rules of Middle District of Florida.

1.  **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 4/14/2026. Counsel for all Parties attended the conference.

2.  **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|

| | | |
|---|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | | 4/29/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | 6/5/2026 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 10/16/2026 |
| | Defendant | 11/20/2026 |
| | Rebuttal | 12/4/2026 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 1/8/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 2/5/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Enter mediator's name, address, and phone number. | | 3/5/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 6/30/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 7/7/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 7/14/2027 |
| Month and year of the trial term. | | 8/1/2027 |

The trial will last approximately five (5)  days and be

☒ jury.

☐ non-jury.

## 3.   Description of the Action

2

Plaintiff brought this action to recover $700,000 in unreturned principal, alleging that Defendants operated a fraudulent cryptocurrency investment scheme and sold unregistered securities disguised as a joint venture. The Complaint asserts various causes of action, including violations of federal and state securities laws, common law fraud, civil conspiracy, deceptive trade practices, and breach of contract. Defendants Jonathan Mason, Eric Clayman, and Blackblock Management Solutions, LLC deny the allegations. Defendant Christopher Delgado has been defaulted, and the Goliath Ventures, Inc. entities have filed for bankruptcy and proceedings are stayed as to them.

**4. Disclosure Statement**

☒ Each party has filed a disclosure statement using the required form.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

Defendant Jonathan Mason consents to a Magistrate Judge for dispositive motions for reasons including but not limited to the judicial economy.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A.  The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

 ☒ Yes.
 ☐ No; instead, the parties agree to these changes: enter changes.

B.  Discovery may be needed on these subjects: the scope of the Ponzi scheme, the knowledge of the Ponzi scheme by Defendants, including the timing and extent of their knowledge, and other relevant areas of inquiry based on defenses and claims raised as the case proceeds.

C.  Discovery should be conducted in phases:

 ☒ No.
 ☐ Yes; describe the suggested phases.

D.  Are there issues about disclosure, discovery, or preservation of electronically stored information?

 ☒ No.

☐    Yes; describe the issue(s).

E.    ☐    The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: add the parties' views and proposals.

F.    The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒    No.
☐    Yes; describe the stipulation.

## 10. Request for Special Handling

☒    The parties do not request special handling.

☐    The parties request special handling. Specifically, describe requested special handling.

☐    Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒    The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

| | |
|---|---|
| /s/ Vincent A. Citro | /s/ Daniel Y. Gielchinsky |
| **Vincent A. Citro** | **Daniel Y. Gielchinsky, Esq.** |
| Florida Bar No. 468657 | Florida Bar No. 97646 |
| Primary: vcitro@losey.law | Primary: dan@dgimlaw.com |
| Secondary: wbohrer@losey.law | Secondary Email: |
| **David A. Meek II, Esq.** | colleen@dgimlaw.com |
| Florida Bar No. 59314 | **Jonathan E. Groth, Esq.** |

5

| | |
|---|---|
| Primary: dmeek@losey.law<br>**Alfredo R. Zamora, Esq.**<br>Florida Bar No. 87799<br>Primary: azamora@losey.law<br>**LOSEY PLLC**<br>1420 Edgewater Drive<br>Orlando, FL 32804<br>(407) 205-8456<br>Attorneys for Plaintiff | Florida Bar No. 102648<br>Primary: jonathan@dgimlaw.com<br>**DGIM Law, PLLC**<br>2875 NE 191st Street, Suite 705<br>Aventura, FL 33180<br>Phone: (305) 763-8708<br>Attorneys for Defendant Blackblock<br>Management Solutions, LLC a/k/a<br>Blackblock Management Services |
| */s/ Jibrael S. Hindi*<br>**Jibrael S. Hindi, Esq.**<br>Florida Bar No. 118259<br>E-mail: jibrael@jibraellaw.com<br>**Mitchell D. Hansen, Esq.**<br>Florida Bar No. 1065929<br>Primary: azamitchell@jibraellaw.com<br>**The Law Offices of Jibrael S. Hindi**<br>1515 NE 26th Street<br>Wilton Manors, Florida 33305<br>Phone: 734-730-9959<br>Attorneys for Jonathan Mason | */s/ Johnathan S. Feldman*<br>**Jonathan S. Feldman, Esq.**<br>Florida Bar No. 12682<br>Primary: feldman@katiephang.com<br>Secondary: service@katiephang.com<br>**PHANG & FELDMAN, P.A.**<br>One Biscayne Tower, Suite 1600<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Tel: (305) 614-1223<br>Fax: (305) 614-1187<br>Attorney for Defendant Eric Clayman |